IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 9, 2004 Session

## IN THE MATTER OF: J.J.S., O.J.S., A.L.S., AND C.M.S.

**Appeal from the Juvenile Court for Cannon County**
**No. 1037     Susan Melton, Judge**

---

**No. M2003-02243-COA-R3-PT - Filed September 17, 2004**

---

Because of questions regarding the trial court's denial of appointed counsel in this proceeding that resulted in the termination of parental rights, the Department of Children's Services has acknowledged that the trial court's judgment must be vacated. We agree.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court**
**Vacated and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

Janet D. Powell; M. Keith Siskin, Murfreesboro, Tennessee, for the appellants, J.S. and M.S.

Paul G. Summers, Attorney General and Reporter, Douglas Earl Dimond, Senior Counsel, for the appellee, State of Tennessee, Department of Children's Services.

### MEMORANDUM OPINION[1]

On December 19, 2000, the Department of Children's Services (DCS) petitioned for termination of the parental rights of Mother and Father to their four children who had been in the custody of DCS since January of 2000. The petition was heard August 27, 2003, and the court entered an order terminating Mother's and Father's parental rights.

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

On appeal, both parents raised the denial of appointed counsel to represent them in the termination proceedings. DCS, through the Office of the Attorney General, has agreed that the trial court's order terminating the parental rights of Mother and Father must be vacated because the record does not demonstrate compliance with Tenn. R. Juv. P. 39 or Tenn. R. S. Ct. 13.

Although this case was consolidated, for purposes of argument and disposition, with Appeal No. M2003-01670-COA-R3-CV, involving the same parents' appeal of a circuit court order finding the children dependent and neglected, the positions of the parties have resolved this appeal. Therefore, the purposes served by the consolidation no longer apply, and the order of consolidation is vacated. The appeal of the dependency and neglect order remains pending.

Accordingly, the trial court's order of August 28, 2004, terminating the parental rights of Mother and Father is vacated. The case is remanded to the trial court for a new trial after adjudication of the parent's right to appointed counsel in compliance with applicable law.

Costs on appeal are taxed to the appellee, the Department of Children's Services.

_____
PATRICIA J. COTTRELL, JUDGE